UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

03 NOV 25 AM 10: 36

JENCO HOMES, Inc., a
New Mexico corporation,

          Plaintiff,

v.

ERIC WRIGHT, CHERIE WRIGHT,
and
ROGAN THOMPSON
d/b/a Casa del Oso Custom Homes,
individuals,

          Defendants.

Cause No.:
CIV - 03 - 1353 BB RLP

# COMPLAINT

Plaintiff, by its attorneys, Peacock Myers & Adams, P.C., for its Complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"), involving the unauthorized copying of an architectural work. This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. This also is a suit for false designation of origin under the federal Lanham Act, 15 U.S.C. Sections 1051 et seq. (the "Lanham Act"). This Court has jurisdiction of the Lanham Act claim pursuant to 15 U.S.C. Section 1121(a).

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. Sections 1391 and 1400(a).

4.  The actions, conduct, or omissions giving rise to the claims asserted herein occurred in New Mexico.

## THE PARTIES

5.  Plaintiff, JENCO HOMES, Inc., (hereinafter referred to as "JENCO"), is a New Mexico company with its principal place of business located in Albuquerque, New Mexico.

6.  JENCO is informed and believes, and on that basis alleges, that Defendant ERIC WRIGHT ("Mr. Wright") is employed in New Mexico and is a New Mexico resident.

7.  JENCO is informed and believes, and on that basis alleges, that Defendant ROGAN THOMPSON ("Thompson") is a New Mexico resident. Thompson is doing business in the State of New Mexico, County of Bernalillo, under the name "Casa del Oso Custom Homes," which, upon information and belief, is Thompson's sole proprietorship.

8.  JENCO is informed and believes, and on that basis alleges, that Defendants ERIC WRIGHT and CHERIE WRIGHT ("Mrs. Wright") are husband and wife, and jointly own real property in the State of New Mexico, specifically Lot 17, Mountain Highlands at High Desert, Bernalillo County.

9.  Mr. and Mrs. Wright ("the Wrights") have engaged the services of Thompson to construct a residence on Lot 17, Mountain Highlands at High Desert. Thompson is serving as the

COMPLAINT – Page 2

general contractor on behalf of the Wrights, and is currently constructing a residential structure at Lot 17, Mountain Highlands at High Desert, which residence is and will be real property owned jointly or as community property by the Wrights.

10. The Wrights, by purchasing real estate in New Mexico and contracting with Thompson for the erection of a residence on that real estate, have and are doing business in New Mexico. The infringement of JENCO's copyright is the direct result of, and is in the wake of, the Wright's transaction of business in New Mexico in conjunction with the construction of the residence being built by Thompson.

## COUNT I
## Copyright Infringement

11. JENCO repeats and realleges each of the allegations contained in the preceding paragraphs.

12. JENCO is, and at all times relevant to the matters discussed in this Complaint, has been engaged in the design and construction of single family homes. Prior to April, 2003, JENCO created an original design for a single family home entitled "Jenco BTS Wright 02" (hereinafter referred to as the "Jenco Design").

13. Using its creative efforts, JENCO authored original plans and specifications that are expressed in the Jenco Design. JENCO, as an independent contractor, authored the work in an effort to compose a design acceptable to the Wrights, and in contemplation of being selected by the Wrights to be the contract builder of the home JENCO had designed.

14. Wrights provided no compensation to JENCO for JENCO's preparation and authorship of the Jenco Design.

15. At least by February 25, 2003, the Wrights were on formal written notice, by letter correspondence to Wrights' attorney, that JENCO claims a copyright in the Jenco Design.

16. At least by about July 17, 2003, Thompson was on written notice that JENCO claims a copyright in the Jenco Design.

17. JENCO applied to the U.S. Register of Copyrights for a certificate of registration for the Jenco Design. The Register issued a Certificate of Registration, bearing registration number VAu 576-172, with an effective date of April 15, 2003.

18. Attached hereto and incorporated herein by reference as Exhibit A is a true and correct copy of JENCO's copyright registration for the Jenco Design, received from the Register of Copyrights and bearing the number VAu 576-172.

19. JENCO is currently and at all relevant times has been the owner of all right, title, and interest in and to the copyright in the Jenco Design. JENCO has complied with all provisions of the Copyright Act of 1976 and all other laws governing copyright.

20. Despite previous notice of JENCO's claim of copyright in the Jenco Design, the Defendants, and each of them, proceeded to reproduce and distribute JENCO's plans and specifications expressing the Jenco Design, and have commenced constructing a residence embodying the Jenco Design.

21. Defendants, and each of them, knowingly and willfully copied the Jenco Design. JENCO is further informed and believes, and on that basis alleges, that Defendants copied the Jenco Design for the specific purposes of infringing JENCO's copyright.

22. Without permission or license from JENCO to do so, Defendants are building or have built a residence at on Lot 17, Mountain Highlands at High Desert, NE, Albuquerque, New Mexico ("Infringing Home") that is substantially similar to the copyrighted Jenco Design.

23. The natural, probable and foreseeable result of the Defendants' wrongful conduct has been and will continue to be to deprive JENCO of the benefits of selling or licensing the Jenco Design, to deprive JENCO of goodwill, and to injure JENCO's relations with present and prospective customers.

24. JENCO believes, and on that basis alleges, that it has lost substantial revenues and has sustained damages from Defendants' construction of the Infringing Home.

25. JENCO is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from the Jenco Design and works derived from it. As a direct and proximate result of the acts of Defendants alleged above, JENCO has already suffered irreparable damage and has sustained damages and lost profits. JENCO has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.

26. By their actions alleged above, Defendants have infringed and will continue to infringe JENCO'S copyright in and relating to the Jenco Design by constructing and placing upon

the market an architectural work that is a direct copy of, or substantially similar to, JENCO'S copyrighted design.

27. JENCO will continue to suffer and sustain damages and lost profits until Defendants' actions alleged above are enjoined by this Court.

28. Defendants, and each of them, have profited by their unauthorized reproduction and use of the Jenco Design to construct the Infringing Home.

## COUNT II
## False Designation of Origin in
## Violation of Lanham Act § 43(a)

29. Plaintiff realleges the allegations contained in Paragraphs 1-28 as if fully set forth herein.

30. Defendants copied or prepared substantially similar derivatives of JENCO's copyrighted work (designs and plans), and removed or permanently obscured JENCO's name block from the work.

31. By reproducing and distributing designs and construction plans which are identical or substantially similar to those of JENCO, and by eliminating JENCO's name from those designs and plans, Defendants have used in commerce material that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the designs and plans by JENCO, to the harm of JENCO in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

32.   JENCO has no control over the changes or modifications made by Defendants to the copies or derivatives of JENCO's copyrighted works. Any errors in design, resulting in any failure of performance or accident will reflect adversely on JENCO because Defendants have confused and deceived users of such copies or derivatives as to origin from, approval or authorization by JENCO, and will thereby deprive JENCO of its reputation for construction design.

33.   By reproducing and distributing JENCO's designs and plans with JENCO's name block deliberately removed or obscured, Defendants have passed off JENCO's work product as the product of another, in a manner likely to confuse, mislead, or deceive as to the origin of JENCO's designs and plans.

34.   The confusion and deception engendered by Defendants in using copies of JENCO's works, without adequately informing the public and any persons viewing, approving, or relying on the copies, that the copies are without authorization or approval of JENCO is and was intended to cause confusion and deception between JENCO's designs and Defendants' designs by potential and existing customers of JENCO.

35.   The above-described conduct will result in the loss of business to JENCO, the amount of which is presently unknown, but includes such loss of business as well as the profits made by Defendant Thompson in providing services in constructing the Infringing Home.

36.   Plaintiff is entitled to treble and/or punitive damages and attorney's fees as a result of Defendants' violation of the Lanham Act.

37.   On information and belief, Defendants' false representations will continue unless enjoined by this Court.

38.   JENCO is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by JENCO.

## PRAYER FOR RELIEF

WHEREFORE, JENCO prays for judgment against Defendants, jointly and severally, as follows:

A.   That the Court find that Defendants' conduct infringes JENCO'S copyrights in the Jenco Design;

B.   That the Court find that Defendants' conduct comprised false designation of origin under the federal Lanham Act;

C.   Defendants be ordered to pay damages sustained by JENCO and/or the profits of Defendants resulting from the construction or any sale of the Infringing Home, in an amount to be proven at trial, pursuant to 15 U.S.C. § 504(a)(1) and other laws;

D.   Defendants be ordered to pay statutory damages due to Defendants' infringement of JENCO's copyrighted work, pursuant to 15 U.S.C. § 504(a)(2);

E.  That Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from further infringing, in any manner, JENCO'S copyrights in the Jenco Design;

F.  Award JENCO reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

G.  Grant a permanent injunction restraining Defendants, their officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with them, and each and all of them, from further false representations, confusion, or deception as to the origin of the designs and plans for the Infringing Home;

H.  Award to JENCO such actual damages for false designation of origin as determined by the Court;

I.  Award to JENCO treble the actual damages, for false designation of origin, pursuant to 15 U.S.C. § 1117 and as determined by the Court;

J.  Award JENCO reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

K.  That JENCO have such other and further relief as is just and equitable.

Dated this 25th day of November, 2003.

PEACOCK, MYERS & ADAMS, P.C.

By _____
Deborah A. Peacock, P.E.
Rod D. Baker
201 Third Street, Suite 1340
Albuquerque, New Mexico 87102
telephone (505) 998-1500
facsimile (505) 243-2542

Attorneys for Plaintiff

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER: **VAu 576-172**

EFFECTIVE DATE OF REGISTRATION: **04 / 15 / 03**

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1. Title of This Work ▼:** Jenco BTS Wright 02

**Nature of This Work ▼:** Architectural Work

**Previous or Alternative Titles ▼:** None

**Publication as a Contribution:** None

**2. Name of Author ▼:** Jennifer Lopez
**Dates of Birth and Death — Year Born ▼:** 1975

Was this contribution to the work a "work made for hire"? No
Author's Nationality or Domicile — Citizen of: USA

**Nature of Authorship:** Architectural work

**Name of Author ▼:** Jenco Homes, Inc.

Was this contribution to the work a "work made for hire"? Yes
Author's Nationality or Domicile — Citizen of: USA

**Nature of Authorship:** Architectural work

**3. Year in Which Creation of This Work Was Completed:** 2002/2003
**Date and Nation of First Publication of This Particular Work:** None

**4. COPYRIGHT CLAIMANT(S):**
Jenco Homes, Inc.
PO Box 14771
Albuquerque, NM 87191

APPLICATION RECEIVED: APR 15 2003
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED: APR 15 2003
FUNDS RECEIVED: APR 15 2003

MORE ON BACK ▶



PLAINTIFF'S EXHIBIT A